**Roscoe Wilson, Defendant in Error, v. Samuel Menagh, Plaintiff in Error.**

## Gen. No. 21,276.    (Not to be reported in full.)·

Error to the Municipal Court of Chicago; the Hon. John A. Mahoney, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

## Statement of the Case.

Action by Roscoe Wilson, plaintiff, against Samuel Menagh, defendant, on a promissory note signed by the defendant. To review a judgment for plaintiff, defendant prosecutes a writ of error.

Daniel S. Wentworth, David B. Maloney and M. A. Natanson, for plaintiff in error.

Harry A. Biossat, for defendant in error.

Mr. Presiding Justice Barnes delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. PLEADING, § 320*—*who may sign affidavit of merits denying indorsement of note.* In an action against the maker of a promissory note, the indorsement of the note cannot be put in issue by an affidavit of merits signed by an agent of the defendant, but can only be done so by an affidavit signed by a party to the action as provided by the Practice Act, sec. 52 (J. & A. ¶ 8589).

2. BILLS AND NOTES, § 422*—*when note may be read in evidence.* Where in an action on a promissory note against the maker thereof the indorsement of the note is not put in issue, the note may be read in evidence.

3. BILLS AND NOTES, § 351*—*when authority to make assignment of note may not be questioned.* In an action by an assignee on a promissory note against the maker thereof, the authority to make the assignment cannot be questioned in the absence of an affidavit of merits by a party to the action, putting the assignment in issue.

4. MUNICIPAL COURT OF CHICAGO, § 13a*—*what does not constitute variance between statement of claim and proof.* Where a promissory note, offered in evidence, was made a part of the statement of claim sued on, *held* that the fact it was indorsed "Lyon, Taylor & Company by M. H. Taylor," though made payable to the order of "Lyon-Taylor Company," did not constitute a variance, as the statement could be treated as averring that the payee, by the name employed in the indorsement, assigned the note.

5. MUNICIPAL COURT OF CHICAGO, § 14*—*when statement of claim not proof that substituted plaintiff not entitled to sue.* Where a party was substituted as plaintiff and filed a new statement of claim on which the issues were tried, *held* that the statement of claim filed by the original plaintiff was properly excluded from the evidence as not constituting proof that the substituted plaintiff was not the party entitled to sue.

6. BILLS AND NOTES, § 428*—*when letter by attorney of payee to maker inadmissible.* In an action by an assignee on a promissory note against the maker, who claimed that the plaintiff was not a bona fide holder before maturity, a letter written to the defendant after maturity of the note by an attorney, stating that the attorney had the note in his possession for collection for the payee, *held* inadmissible in the absence of proof that the payee or the attorney actually had possession of the note at that time, and that the latter was then in the exercise of authority to collect it for the payee, or that the declarations in the letter were made in the presence of or with the knowledge of the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.